# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

D. EASLEY,                                         Case No. 1:16-cv-331
          Plaintiff,

                                                   Beckwith, J.
          vs                                       Bowman, M.J.

KATHRYN BURNS, et al.,                             **ORDER AND REPORT**
          Defendants.                              **AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action under 42 U.S.C. § 1983 against defendants Kathryn Burns, Dirk Prise, Doctor Larr, Gary Mohr, Ron Erdos, Anthony Cadogan, Doctor Durner, Bertha Goodman, John R. Kasich, Larry Greene, Walter Sammons, and Susan Felts.  (Doc. 1, Complaint).  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that defendants have been deliberately indifferent to his medical needs in violation of the Eighth Amendment.  Plaintiff indicates that he is mentally ill and at risk of suicide as a result of being locked in solitary confinement with no mental health care or medication.

Plaintiff alleges that he was previously prescribed Zoloft and Tegretol, amongst other medications.  (Doc. 1, Complaint at PageID 5).  He claims that defendants Doctors Durner and Larr improperly cancelled his medication in August 2015, leaving him to choose between "non effective medication with side effects to[o] severe like headaches and blood in saliva" or no medication at all.  (*Id.* at PageID 8).  According to plaintiff, Larr informed him that defendant Burns and the Bureau of Mental Health ordered her to deny plaintiff his prior medication.  (*Id.* at PageID 7).  Plaintiff suggests that defendants Prise, Goodman, and Burns blocked his access to medication and treatment in retaliation for plaintiff's participation in a prior lawsuit.  (*Id.* at PageID 5).

Plaintiff claims he has requested mental health treatment from defendants Burns, Cadogan, Prise, and Goodman to no avail.  (*Id.* at 5, 8).  He also alleges that he informed

defendants Burns, Cadogan, and Prise that "suicidal isolation destroy my mental health." (*Id.*). Plaintiff reports that, when not on suicide watch, he is locked down in solitary confinement for twenty-three hours a day, with no medication or mental health treatment. (*Id.*). A November 30, 2015 grievance appeal decision attached to the complaint indicates that at that time plaintiff had been in solitary confinement for fifteen months. (*Id.* at PageID 13). Plaintiff alleges that defendants are using solitary confinement in lieu of providing him with treatment.

Plaintiff further alleges that defendants Director Mohr and Warden Erdos refused to provide him treatment even after swallowing razor blades in October 2015 and pleading "to the warden to get me out of solitary confinement soon gonna kill myself cant' cope voices in my left ear." (*Id.* at PageID 10). Plaintiff alleges that Erdos ignored him, so he wrote defendant Governor Kasich, who also refused to provide him with treatment. (*Id.*).

As a supplement to the complaint, plaintiff contends that he is being refused "mental health confidentiality." (*Id.* at PageID 11). Plaintiff alleges defendants Larr, Erdos, Prise, Burns, and Cadogan refuse to provide him with mental health treatment without an officer present. Plaintiff further alleges that defendant Felts "heard my convo he always enter room then tell people I snitch got molested by officer putting safety at risk." (*Id.*).

Finally, plaintiff alleges that he is deprived of mental health staff assistance at all disciplinary hearings and parole hearings. He further alleges that he is not provided with notice of the procedures and rules applicable to these proceedings. Plaintiff claims he asked defendants Felts, Sammons, and Greene for the applicable disciplinary board hearing rules and mental health assistance, but was denied. (*Id.* at PageID 12).

For relief, plaintiff seeks compensatory and punitive damages, declaratory relief, and an injunction. (*Id.* at PageID 6).

4

Liberally construed plaintiff has stated an Eighth Amendment claim against defendants Burns, Prise, Larr, Cadogan, Durner, and Goodman. *See, e.g.*, *Community Legal Aid Society v. Coupe,* No. 15-688-GMS, 2016 WL 1055741, at *4 (D. Delaware Mar. 16, 2016) (finding allegations that prisoners with mental illness were confined in solitary confinement without providing proper medical and mental health treatment and adequate out-of-cell time stated a plausible Eighth Amendment claim) (collecting cases). Plaintiff may also proceed with his First Amendment retaliation claim against defendants Prise, Goodman, and Burns, based on his allegation that these defendants denied him medical treatment for his involvement in a prior lawsuit. Finally, plaintiff may proceed with his claim that defendant Felts violated his privacy rights by disclosing information overheard in plaintiff's mental health consultations. *See Moor v. Prevo*, 379 F. App'x 425, 427 (6th Cir. 2010) (holding that inmates have a Fourteenth Amendment privacy interest in having sensitive medical information kept confidential from other inmates). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims should be dismissed. First, plaintiff's claims against defendants Kasich, Mohr, and Erdos should be dismissed. The complaint includes no factual allegations against these defendants, aside from plaintiff's claim that these defendants ignored or failed to respond to his requests for treatment.[1] (*See* Doc. 1, Complaint at PageID 9–10). However, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). To the extent that plaintiff seeks to hold these defendants

---

[1] Plaintiff also includes the conclusory allegation that "Kasich and Gary Mohr current system is to ignore and refuse treatment as if policy to deny Lucasville treatment isolation neglect." (*Id.* at PageID 10).

5

liable on the basis of their supervisory positions, plaintiff's claims are subject to dismissal because the claims are based on a theory of *respondeat superior,* which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal,* 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, plaintiff's claims against defendants Kasich, Mohr, and Erdos should be dismissed.

Plaintiff's claim that defendants Larr, Erdos, Prise, Burns, and Cadogan violated his rights to confidentiality by requiring an officer to stand in on his mental health consultations should also be dismissed. Although the Sixth Circuit has recognized a Fourteenth Amendment privacy interest in guarding against disclosure of medical information, the right "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Moore*, 379 F. App'x at 428 (quoting *Doe v. Delie*, 257 F.3d 309, 317 (3rd Cir. 2001)). Furthermore, the Sixth Circuit specifically noted that inmates have no constitutional privacy right barring disclosure of medical records to corrections officers, *Moore*, 379 F. App'x at 427 (citing *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994)), in holding that the privacy interest guards against disclosure to other inmates. *Id.* In this case, plaintiff has alleged that Officer Felts put his safety at risk by disclosing details from the mental health exams. However, plaintiff makes no allegation that defendants Larr, Erdos, Prise, Burns, or Cadogan disclosed any information or took any other action other than requiring an officer to be present. Therefore, plaintiff's claim that these defendants violated his right to confidentiality should be dismissed.

Finally, plaintiff's claim that defendants Greene, Sammons, and Felts failed to provide

6

him with mental health staff assistance at hearings and other complaints regarding the disciplinary process should be dismissed.  Plaintiff fails to state a claim for relief for a denial of due process because plaintiff has not alleged any facts suggesting that the challenged proceedings deprived him of a protected liberty interest.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence."  *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson*, 51 F. App'x 553, 556 (6th Cir. 2002).  The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration.  *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir.) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"), *cert. denied*, 133 S.Ct. 429 (2012).  *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life.  Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns.  Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, plaintiff's claims against defendants Greene, Sammons, and Felts regarding the disciplinary proceedings fails to state a cognizable federal claim under the Fourteenth Amendment's Due Process Clause.

Accordingly, in sum, the undersigned finds that plaintiff may proceed with the following claims: (1) plaintiff's Eighth Amendment claim against defendants Burns, Prise, Larr, Cadogan, Durner, and Goodman; (2) his First Amendment retaliation claim against defendants Prise, Goodman, and Burns; and (3) his claim that defendant Felts violated his privacy rights by disclosing information overheard in plaintiff's mental health consultations to other inmates.  All other claims should be dismissed on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

The following causes of action alleged in the plaintiff's complaint be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court:  (1) plaintiff's claims against defendants Kasich, Mohr, and Erdos; (2) his claim that defendants Larr, Erdos, Prise, Burns, and Cadogan violated his rights to confidentiality; and (3) his due process claims against defendants Greene, Sammons, and Felts relating to disciplinary proceedings at SOCF.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff may proceed with the following claims: (1) plaintiff's Eighth Amendment claim against defendants Burns, Prise, Larr, Cadogan, Durner, and Goodman; (2) his First Amendment retaliation claim against defendants Prise, Goodman, and Burns; and (3) his claim that defendant Felts violated his privacy rights by disclosing information overheard in plaintiff's mental health consultations.

By separate order, plaintiff has been granted an extension of time to comply with a March 10, 2016 Deficiency Order requiring him to provide service copies of the complaint. The undersigned will order service on defendants if and when plaintiff complies with the Deficiency Order and provides service copies.


   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

D. EASLEY,                                          Case No. 1:16-cv-331
          Plaintiff,

                                                   Beckwith, J.
          vs                                       Bowman, M.J.

KATHRYN BURNS, et al.,
          Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.  Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).