## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| D. EASLEY, | Civil Action No. 1:16-cv-331 |
| Plaintiff, | Black, J. |
| | Bowman, M.J |
| vs. | |
| KATHRYN BURNS, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION

This civil rights action is now before the Court on Plaintiff's motion for a Preliminary Injunction (Doc. 22) and Defendants opposition memorandum (Doc.26).

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against various employees of the Ohio Department of Rehabilitation and Correction alleging violations of his Eighth Amendment rights, First Amendment rights, and his privacy rights. By separate Order, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff alleges, *inter alia*, that someone at the Southern Ohio Correctional Facility is tampering with his legal mail causing delays that may affect his ability to respond timely to court filings. He also alleges he is not receiving indigent free mail envelopes.

Upon careful review, the undersigned herein recommends that Plaintiff's motion be denied.

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Ratcliff v. Moore*, 614 F.Supp.2d 880 (S.D.Ohio 2009) (citing *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir.1991)).

Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. He has not shown a strong likelihood that he would prevail on his claims, nor has he alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result if the injunction is not issued. As noted by Defendants, although, Plaintiff's instant filing is styled as preliminary injunction motion, the document appears to be a notice to the Court as Plaintiff does not provide any basis, legal or factual, for a preliminary injunction and does not ask the Court for any specific relief.

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 22) be **DENIED.**

   *s/*Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| D. EASLEY, | Civil Action No. 1:16-cv-331 |
| Plaintiff, | Black, J. |
| | Bowman, M.J |
| vs. | |
| KATHRYN BURNS, *et al.*, | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).