**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| D. EASLEY, | Case No. 1:16-cv-331 |
| Plaintiff, | |
| | Black, J. |
| v | Bowman, M.J. |
| KATHRYN BURNS, Chief Psychiatrist In her individual and official capacity, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I.   Background**

Plaintiff, a prisoner who has filed seventeen cases in this Court,[1] tendered his most recent pro se civil rights action under 42 U.S.C. § 1983 against multiple Defendants on February 22, 2016. On June 1, 2016, the undersigned permitted several claims relating to Plaintiff's medical care to proceed against certain Defendants, while recommending the dismissal of other claims and Defendants. (Docs. 9, 10). Plaintiff subsequently amended his complaint to clarify allegations against Dr. Durner. (Docs. 27). On July 26, 2017, all Defendants filed a motion for summary judgment on all claims, to which Plaintiff failed to file any timely response.

---

[1] Although the electronic case management system reflects the above-captioned case as the sole case filed by "D. Easley," the same system lists two prisoner civil rights cases filed by "Dave Easley," one filed by "Dave L. Easley," eight prisoner civil rights cases filed by "David Easley," and four more by "David L. Easley," for a total of sixteen civil rights cases filed by the same individual, denoted by the same prisoner identification number, 306-400. In addition to those cases, the same "David Easley" filed a habeas petition. Prisoners who file three or more civil suits that have been dismissed as frivolous, malicious, or for failure to state a claim are barred from filing new lawsuits under 28 U.S.C. § 1915(g), absent very limited circumstances not applicable here. Plaintiff signed an affidavit in support of his motion to proceed *in forma pauperis* in this case that avers he has not had three or more cases dismissed in a fashion that would subject him to that bar. Solely for reasons of judicial economy, the undersigned has not undertaken a separate analysis of whether or not that representation is accurate.

On September 5, 2017, the undersigned ordered Plaintiff to "show cause" on or before September 26, 2017 why the Defendants' motion for summary judgment should not be construed as unopposed and granted for the reasons stated.  The undersigned specifically warned Plaintiff that his "[f]ailure to timely comply with this Order **will result in a Report and Recommendation to the District Judge that the pending motion be granted**."  (Doc. 39).

## II. Analysis

Plaintiff failed to comply with the Court's most recent "show cause" order.  The Defendants' unopposed motion for summary judgment has now been pending for four months.  The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendants, they are entitled to judgment as a matter of law because Plaintiff failed to timely exhaust his administrative remedies as required under the Prison Litigation Reform Act for all claims except those brought against Defendants Prise, Goodman and Durner for allegedly failing to provide him mental health treatment and medications, and for Dr. Durner for retaliation in discontinuing his medications.  Additionally, as to all other claims (including both exhausted and unexhausted claims), the Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his deliberate indifference, First Amendment Retaliation, or "right of privacy" claims, and that they are each entitled to qualified immunity in their respective individual capacities.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute.  Plaintiff, who is extremely experienced in prosecuting pro se litigation in this Court, was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendants' motion be granted.

### III.    Conclusion and Recommendation

Accordingly **IT IS RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 37) be GRANTED for the reasons stated and alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be CLOSED.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

D. EASLEY,

    Plaintiff,

v

KATHRYN BURNS, Chief Psychiatrist
In her individual and official capacity, *et al.*,

    Defendants.

Case No. 1:16-cv-331

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).